

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 3, 2016

The Honorable Marco A. Montemayor
Webb County Attorney
1110 Washington Street, Suite 301
Laredo, Texas 78040

Opinion No. KP-0114

Re: Whether a member of a board of trustees of an independent school district may simultaneously serve as a member of a city planning and zoning commission (RQ-0104-KP)

Dear Mr. Montemayor:

You ask whether a member of a board of trustees of an independent school district may simultaneously serve as a member of a city planning and zoning commission.[1] You indicate that the two positions at issue are with entities that share overlapping jurisdictional boundaries: the United Independent School District ("District") and the City of Laredo ("City"). *See* Request Letter at 1, 3.

We first consider the incompatibility of the two offices under the Texas Constitution. Article XVI, section 40(a) provides that "[n]o person shall hold or exercise at the same time, more than one civil office[2] of emolument." TEX. CONST. art. XVI, § 40(a) (footnote added). This provision applies if both positions are offices that are entitled to an emolument, which is "a pecuniary profit, gain, or advantage." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (orig. proceeding). A trustee serving on the school board of an independent school district serves without compensation and is not in an office of emolument. TEX. EDUC. CODE § 11.061(d). Accordingly, article XVI, section 40(a) does not prohibit the simultaneous service about which you ask.

We next consider whether the common law renders the two positions incompatible. Common-law incompatibility comprises three components: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. KP-0032 (2015) at 2. You tell us that neither office hires, employs, or supervises the other; thus, the relevant component is the one of conflicting-loyalties. *See* Request Letter at 3.

---

[1] *See* Letter from Honorable Marco A. Montemayor, Webb Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Apr. 1, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2] A "civil officer" under this provision is a public officer. *See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.); *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (orig. proceeding) (recognizing that a "'civil office' . . . pertains to exercise of the powers or authority of civil government").

A Texas court first described conflicting-loyalties incompatibility in the case of *Thomas v. Abernathy County Line Independent School District.* 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). Considering the simultaneous service of a school trustee and a city council member, the court said that

> there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to the direction of the council or aldermen instead of to that of the trustees.

*Id.* at 153. In determining whether two offices are incompatible, the "crucial question is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other." *Pirtle,* 887 S.W.2d at 930. As with article XVI, section 40(a), the conflicting loyalties component of common-law incompatibility applies only when both positions are offices. *See* Tex. Att'y Gen. Op. Nos. GA-0214 (2004) at 4, GA-0127 (2003) at 3.

A public officer in this context is one upon whom "any sovereign function of the government" is conferred "to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley,* 280 S.W.2d 578, 583 (Tex. 1955). This office previously determined that the position of a school board trustee is a public office under *Aldine. See* Tex. Att'y Gen. Op. No. GA-1083 (2014) at 2.

In a prior opinion, this office considered the status of a member of the Missouri City planning and zoning commission. *See* Tex. Att'y Gen. Op. No. JC-0339 (2001). This office noted that the zoning function is a sovereign function delegated to municipalities by chapter 211 of the Local Government Code. *See id.* at 2. Opinion JC-0339 recognized that a municipality delegates this sovereign function when it appoints a planning and zoning commission. *See id.* at 2–3; *see also* TEX. LOC. GOV'T CODE § 211.007(a) ("To exercise the powers authorized by this subchapter, the governing body of a home-rule municipality shall, and the governing body of a general-law municipality may, appoint a zoning commission."). Opinion JC-0339 examined the powers and duties of the Missouri City planning and zoning commission and determined that the Missouri City charter delegated to the planning and zoning commission the final approval of subdivision plats. *See* Tex. Att'y Gen. Op. No. JC-0339 (2001) at 3. In addition, Opinion JC-0339 observed that the Missouri City charter gave the planning and zoning commission authority to grant a developer a variance from a rule or regulation on subdivisions. *See id.* Based on the planning and zoning members' exercise of zoning power "for the benefit of the public largely independent of the control of others," *Aldine,* 280 S.W.2d at 583, this office determined that the Missouri City planning and zoning members were public officers under *Aldine.* Tex. Att'y Gen. Op. No. JC-0339 (2001) at 3.

Here, similar to the situation in Opinion JC-0339, the City's planning and zoning ordinance provisions give the planning and zoning commission control over platting, replatting, or subdividing land. *See* LAREDO, TEX., CODE OF ORDINANCES § 24.1.1.1.3(3). The City's planning and zoning commission also has authority to make and amend a comprehensive plan for the development of the City. *See id.* § 24.1.1.1.3(1). A court would likely determine this authority is sufficient to conclude that the members of the City's planning and zoning commission exercise a "sovereign function of the government . . . for the benefit of the public largely independent of the control of others," and are thus public officers under *Aldine*. *Aldine*, 280 S.W.2d at 583.

We next consider whether members of the City's planning and zoning commission have powers and duties that are incompatible with the powers and duties of a District trustee. Under chapter 11 of the Education Code, a board of trustees of an independent school district is authorized to acquire and hold real property. *See* TEX. EDUC. CODE § 11.151(a). Chapter 11 also vests rights and title to a district's school property in the trustees. *See id.* § 11.151(b). It is foreseeable that a school district may have a real property interest subject to action by the planning and zoning commission such as a determination regarding the conformity of the location of new school buildings to the City's comprehensive plan, the submission of a subdivision plat for approval that contains as an element a new school building, or the need to rezone an area to accommodate a school. *See* Request Letter at 3 (informing us that the "development of [school district property in the City limits] will eventually involve the property being platted for development which must be approved by the Planning and Zoning Commission"). Because of these and other potential real property interactions between the District and the City planning and zoning commission, a member serving as an officer of both entities would likely have divided loyalties such that the simultaneous service is detrimental to the public interest. As you suggest, it is foreseeable that the person's performance of duties of one of the offices may interfere with the person's performance of duties of the other. *See id.* Accordingly, a court would likely conclude that a person may not serve on the City of Laredo's planning and zoning commission while simultaneously serving as a member of the United Independent School District board of trustees.[3]

---

[3]Other issues common in dual office holding scenarios that involve jurisdictions with overlapping territory are whether the two entities each have taxing authority or have authority to contract with each other. *See* Tex. Att'y Gen. Op. No. KP-0054 (2015) at 2. Given our conclusion on the conflict between the nature of the duties of the two officer positions, we need not consider these issues.

## S U M M A R Y

A court would likely conclude that a member of a board of trustees of the United Independent School District may not simultaneously serve as a member of the City of Laredo's planning and zoning commission.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee